Dennis J. Drasco, Lum, Hoens, Abeles, Conant & Danzis, Roseland, N.J., for plaintiffs.

Lois Ottombrino, Bower & Gardner, New York City, for defendant.

**Deborah PECKIO and Richard Peckio, Plaintiffs,**

v.

**Dr. Melvin D. SHAY, Defendant.**

**No. 88 Civ. 7643 (RPP).**

United States District Court, S.D. New York.

March 14, 1989.

OPINION AND ORDER

ROBERT P. PATTERSON, Jr., District Judge.

In this action, Deborah and Richard Peckio sued Dr. Melvin D. Shay in the United States District Court for the Southern District of New York, alleging that Dr. Shay committed malpractice by failing to detect a tumor that turned out to be malignant. Mr. and Mrs. Peckio live in Manalapan, New Jersey. Dr. Shay lives in Brooklyn, New York. Complaint ¶¶ 1, 2. Because the parties are citizens of different states, therefore, jurisdiction here is proper. U.S. Const. art. III, § 2, cl. 1; 28 U.S.C. § 1332 (1982).[1]

---

**1.** The plaintiffs' complaint recites that Dr. Shay "practices medicine" in Brooklyn. The Constitution, of course, conditions jurisdiction on diversity of *citizenship,* and not on diversity of professional activities, and at least as far as individual persons are concerned, the locus of

Venue, however, is not. 28 U.S.C. § 1391(a) provides that

[a] civil action wherein jurisdiction is founded only on diversity of citizenship may ... be brought only in the judicial district where all plaintiffs or all defendants reside, or in which the claim arose.

The plaintiffs' complaint recites that "[d]efendant, Dr. Melvin D. Shay, practices medicine in Brooklyn, New York. This involves a claim arising out of his Brooklyn medical practice. By reason therefore, venue is properly placed in the Southern District of New York." Complaint ¶ 4. The non sequitur is apparent. 28 U.S.C. § 112 divides New York State into four judicial districts. Section 112(b) lists the counties included in the United States District Court for the Southern District of New York. Kings County—Brooklyn—is not among them.[2]

In opposing the defendant's instant motion to dismiss for improper venue, the plaintiffs' lawyers persist in arguing that venue does lie in the Southern District. In their own words, "[t]he Southern District of New York is a proper forum for the maintenance of the within litigation. At this stage of the lawsuit ... a conference has already been held in the Southern District before Judge Patterson...." Affidavit of Dennis J. Drasco ¶ 11 (Feb. 27, 1989). The plaintiffs' lawyers offer no support for the novel proposition that defective venue is somehow cured when the plaintiffs appear for a pretrial conference that the defendant did not attend.[3] The plaintiffs' answering papers proffer two other arguments. In the first the plaintiffs discuss the standards for transfer for forum non conveniens, a doctrine by its own terms only applicable when venue is proper,

though inconvenient; because venue does not lie at all in the Southern District, the plaintiffs' convenience and choice of venue are not relevant. See 28 U.S.C. § 1404(a) revision notes; see also Liaw Su Teng v. Skaarup Shipping Corp., 743 F.2d 1140, 1147 (5th Cir.1984). The plaintiffs then reiterate, again, that "venue in the Southern District of New York is not improper." Brief for Plaintiffs at 8. Their only backing for this contention is Handelman v. Weiss, 368 F.Supp. 258 (S.D.N.Y.1973), an action brought for violations of the Securities Act of 1933 and the Securities Exchange Act of 1934. It should be obvious to members of the bar of this Court that the venue provisions of those two federal securities statutes may not be invoked by plaintiffs bringing suits under New York state law for medical malpractice.

The defendant has properly moved for dismissal or transfer of the action to the Eastern District. The governing statutory provision provides that

[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

28 U.S.C. § 1406(a) (emphasis added). The statute explicitly contemplates dismissal unless otherwise warranted. As the above analysis makes clear, the arguments set forth by the plaintiffs' lawyers reflect either an utter unfamiliarity with the United States Code or a reluctance to be candid with the Court. Cf. Model Code of Professional Responsibility DR 6–101(A)(2). Furthermore, according to the affidavit of defendant's counsel, the plaintiffs' lawyers

"citizenship" does not include place of business. See U.S. Const. art. III, § 2, cl. 1 ("The judicial Power shall extend ... to Controversies ... between Citizens of different States"); 28 U.S.C. § 1332 (1982); Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); cf. Fed.R.Civ.P. 8(a)(1); Fed.R.Civ.P. Form 2(a). Nevertheless, the defendant himself concedes that he lives in Brooklyn, and that admission cures the jurisdictional defect in the plaintiffs' pleadings.

**2.** "The Southern District [of New York] comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District." 28 U.S.C. § 112(b) (1982); cf. id. § 112(c) ("The Eastern District [of New York] comprises the counties of Kings, Nassau, Queens, Richmond, and Suffolk and concurrently with the Southern District, the waters within the counties of Bronx and New York.").

**3.** Cf. Neirbo Co. v. Bethlehem Shipbuilding Corp., 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939).

 

refused to stipulate to a venue transfer despite knowing for more than two months that venue was improper. The plaintiffs do not attempt to explain how the interest of justice might in some way point to transfer, rather than dismissal. Accordingly, the defendant's motion is granted and this lawsuit is hereby dismissed.

SO ORDERED.